UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| James Williams | |
| Plaintiff | Civil Action No. 07-5395 (SRC)(MAS) |
| -vs- | **OPINION AND ORDER**<br>**DENYING PRO BONO COUNSEL** |
| John Doe, Regional Commander of<br>N.J. Dept. Of Corrections<br>Special Operations Group<br>(Sued in His Official & Individual<br>Capacity) | |
| Jack Doe(s) Approx. 1-40, N.J. Dept. of<br>Corrections<br>Special Operations Group<br>Correctional Officers<br>(Sued in Their Official & Individual<br>Capacities) | |
| Joan Doe(s) approx. 1-40, N.J. Dept. of<br>Corrections<br>Special Operations Group<br>Correctional Officers<br>(Sued in Their Official & Individual<br>Capacities)<br>**Defendants** | |

## OPINION

This matter comes before the Court by way of Plaintiff James Williams's Application for Pro Bono Counsel (Docket No. 5).

Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact

and law. Id. at 457-58. If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can attain and afford counsel on his own behalf

Id. (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in Tabron is not exhaustive, but rather serves as a "guidepost" for district courts. Parham 126 F.3d at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Tabron, 6 F.3d at 157.

Plaintiff first initiated his claim as part of a self-certified class action suit on September 20, 2007. In his November 1, 2007 Opinion, the Honorable William Martini, U.S.D.J. dismissed Plaintiff's claims without prejudice, subject to "reopening in the event Plaintiff timely submit[ted] for filing [his] amended complaint." Judge Martini Order Civil Case No. 07-4508 (Docket No. 4) On November 30, 2007, Plaintiff filed his first amended complaint. The case was reopened on the order of the Honorable Stanley R. Chesler, U.S.D.J. on December 21, 2007. On January 11, 2008, Judge Chesler, signed an order dismissing Plaintiff's complaint without prejudice, subject to Plaintiff filing a second amended complaint within 30 days of the date of the order. Judge Chesler Order (Docket No. 8) On February 4, 2008, Plaintiff filed a second amended complaint, and the case was reopened on February 27, 2008.

Plaintiff asserts that due to "personal medical reasons," he was informed by "medical doctors" not to go outside "in 80 degree and above weather or 32 degree and below weather." Pl.'s Compl. (Docket No. 4) and Second Am. Compl. (Docket No. 9) Plaintiff contends that all named defendants were unprofessional in judgment and grossly negligent in ordering and enforcing the removal of the Special Treatment Unit Annex Civilian Patients from the Special Treatment Unit Annex Building, forcing them to stay in the sun for approximately six and a half hours, "which caused a heat stroke . . . that brought on high blood pressure, and made this plaintiff's heart rhythm to skip a beat or two, to where this plaintiff had to be rushed to the hospital." Id. Plaintiff claims that he is unable to attain an attorney to pursue an action against all named defendants because he has been incarcerated and confined for the past 21 years and does not have the funds to obtain an attorney. App. for Pro Bono Counsel (Docket No. 5)

On April 14, 2008 however, Judge Chesler dismissed Williams' allegations with prejudice for failure to state a claim upon which relief may be granted. For that reason, analysis of the Tabron factors in this case is not necessary and Plaintiff's application for Pro Bono Counsel is **DENIED**.

## ORDER

IT IS ON THIS 5th day of May, 2008,

ORDERED that Plaintiff Williams' Application for Pro Bono Counsel (Docket No. 5) is **DENIED**.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

3